IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DOUGLAS M. DANCER                                                                           PLAINTIFF

        v.                      Civil No. 4:11-cv-04041

SHERIFF RON STOVALL; and
NURSE BROWN                                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Douglas M. Dancer filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P.K. Holmes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Separate Defendant Sheriff Ron Stovall has filed a motion for judgment on the pleadings (ECF No. 17) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff did not file a response to the motion. The motion is before me for issuance of this report and recommendation.

### 1. Background

Plaintiff is incarcerated in the Miller County Correctional Facility. He maintains he is being denied adequate medical care. In particular, he asserts he is being denied dental and eye care. He also objects to being charged for visits to the nurse. Finally, he alleges he received no response to his grievance regarding the law library.

### 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn.

2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Separate Defendant Sheriff Ron Stovall maintains that no plausible claim has been against him. He argues no factual allegations of any kind are made against him. Finally, he argues that the complaint is completely devoid of any allegations that a policy, custom, or practice of Miller County was the moving force behind any alleged constitutional violation.

I agree that the claims against Sheriff Stovall are subject to dismissal. First, "no constitutional right was violated by defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(citation omitted). "Rather, prison inmates have a constitutional right to petition the

government for redress through a right of access to the courts." *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000)(*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id*. (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Second, there are no allegations that Sheriff Stovall was involved in, or even aware, of Plaintiff's requests for medical care. Certainly there is nothing to suggest Sheriff Stovall was involved in any decisions regarding Plaintiff's medical treatment. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)(to establish personal liability of a supervisory defendant, plaintiff must show personal involvement in, or direct responsibility for, deprivation of constitutional rights).

Finally, any official capacity claims against Sheriff Stovall are the equivalent of claims against Miller County. *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Miller County can only be held liable "if one of its customs or policies caused the violation of [Plaintiff's] rights." *Copeland v. Locke*, 613 F.3d 875, 882 (8th Cir. 2010). The complaint and supplements to it contain no hint of a custom or policy of Miller County's that was the moving force behind the alleged constitutional violations.

### 4. Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (ECF No. 17) filed on behalf of Separate Defendant Sheriff Ron Stovall be granted and all claims against him dismissed. This leaves for later consideration Plaintiff's claims that Nurse Brown denied him adequate medical care.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 14th day of September 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE